### HAYWOOD v. JONES & LAUGHLIN STEEL CORP.

No. 140.

United States District Court
W. D. Pennsylvania.

Aug. 6, 1952.

Hymen Schlesinger, Pittsburgh, Pa., for libellant.

Chauncey Pruger (of Reed, Smith, Shaw & McClay), Pittsburgh, Pa., for respondent.

GOURLEY, Chief Judge.

This is an action in admiralty for maintenance and cure.

The libellant, Robert E. Haywood, in Civil Action No. 7657,[1] also filed claim for damages based on the doctrine of negligence and unseaworthiness. The jury resolved the issues in favor of the defendant.

Maintenance and cure is claimed from the date of the injury, October 1, 1946, to the time of trial but has been limited by stipulation of the parties to April 30, 1952. The rate of maintenance was also stipulated at $4 per day.

There is no issue as to the employment of the libellant by the respondent on the Steamer "Sailor," a vessel operated in navigation on the Ohio River, and that libellant was injured in the service of the vessel. Libellant's injuries have been described by the various physicians who testified at the trial of the case in the civil action. By stipulation the record of the trial before the jury was incorporated as part of the record in the action for maintenance and cure.

The main injury received was to the left shoulder and surrounding area. Libellant has received treatment for the injuries sustained by various doctors and has been confined to the United States Marine Hospitals in Pittsburgh and Baltimore, and the South Side Hospital in Pittsburgh, and out-patient treatment at the United States Public Health Station in Pittsburgh. These treatments included manipulation under anesthesia, X-ray treatments, massage, heat therapy and novocain injections.

The work schedule of Haywood on the vessel, which was also the general practice and custom on the rivers within this district, required the seaman to work ten days after which he was relieved of any employment for five days, after which he would return to his work for ten consecutive days, then be off five days, etc.

It is not in dispute that between the date of the accident, October 1, 1946, and April 30, 1952, the date to which the issues herein are to be adjudicated, the seaman was away from his work 247 days which were normal work days, and for which he is entitled to be compensated for maintenance and cure at the rate of $4 per day.

The primary issue to be resolved relates to the right of the seaman to recover for the whole or any part of an additional period of 651 days, during which time libellant did not work for respondent but which fell within the periods of five days that he was off work after the ten day work cycle.

During this five day off period which comprises 651 days, even if the libellant had not been injured, he would have had no employment available from the respondent during said 651 days or any part thereof. The time was his own; he could either work for some other employer, if he so desired, or use the time at his leisure for any purpose he wished.

The seaman asserts a right to recover for maintenance and cure during the period of 651 days, which is the total of the five day off-work cycle, on the thesis that said period of time was devoted to self-administered treatment, care and attention to relieve the condition of the injured left shoulder.

During the work cycle period of ten days similar treatment was given by the seaman to his shoulder aboard ship. However, the seaman performed the duties of his work after his return subsequent to the injury.

Our historic national policy, both legislative and judicial, has sought to safeguard seamen's rights. The ancient characteri-

1. See 108 F.Supp. ——.

zation of seamen as "wards of admiralty" is even more accurate now than it was formerly. Isbrandtsen Company, Inc. **v.** Johnson, 343 U.S. 779, 72 S.Ct. 1011.

■ It is elementary in the law of admiralty that the elements of both maintenance and cure are inseparable and both must run concurrently, for one is contingent upon the existence of the other. Thus, if the expectation and possibility of cure has ceased, the right to maintenance and cure no longer continues. The liability for maintenance and cure does not extend beyond the time when the maximum cure possible has been effected. Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850; Calmar Steamship Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L. Ed. 993; Moen v. Endresen, D.C., 103 F. Supp. 541.

It is not in dispute and the medical testimony unequivocally establishes that the administration of heat or lamp treatment to the injured area was in no way curative. The condition experienced by the seaman is lingering and may continue for the balance of his life. Exploratory surgery was suggested by the personal physician of libellant as a means of possibly eliminating the condition, and the medical testimony is in dispute as to whether such surgery would better or aggravate the condition. Be that as it may, libellant has not and has expressed the desire to not submit to such surgery.

At the most, the heat therapy has only a temporary alleviating or ameliorating effect, and it will not cure, eliminate or improve the condition which will be permanent.

If libellant had visited a hospital or any physician for treatment in an effort to effect a cure during any of the 651 day period, he would be entitled to maintenance and cure for any such days. Cognizant of the fact that an employee is free to use his off-days in any manner that he might see fit, including gainful employment or otherwise.

■ However, libellant has presented no evidence to establish any medical visitations during this period, or that the treatments given were a basis or an aid to cure the condition experienced.

■ There is no question in my mind that the seaman experiences pain, suffering and inconvenience in the shoulder area and that this condition was caused by the accident. These items, however, are a measure of damages under the Jones Act, 46 U.S.C.A. § 688, based on negligence, and in admiralty, based on the doctrine of unseaworthiness.

Unfortunately for libellant, the jury resolved said issues adverse to his interests when a verdict was returned in the proceeding for said damages in favor of respondent.

The Court cannot commingle the elements of damages indiscriminately, and employ one cause of action as a subterfuge to grant the same relief which was denied the party litigant under another cause of action.

In the event that libellant should wish to undergo exploratory surgery, as a means of effectuating a cure, this Court, upon proper petition, will grant maintenance and cure to whatever extent that said surgery might require.

Seaman also claims a right to recover expenses in the amount of $1,937.33 incurred in traveling from his home to a lake resort in order to be able to row a boat and secure exercise of his shoulder muscles.

It is asserted that seaman was instructed by his personal physician to take rowing exercises in order to prevent adhesions and stiffness of his shoulder, and pursuant thereto made two hundred trips to Lake Lynn where he kept his boat. This expense item appears to be highly remote and conjectural. Libellant could readily have made available to himself a boat in much greater proximity to his home, and if such an arrangement were not feasible, he could have secured similar exercises through other means, without incurring this unreasonable expense.

The respondent did not approve or authorize those trips, and there is no question but what he mixed pleasure with his trips since seaman is a devout fisherman.

■ I find, therefore, no sound or logical basis to permit this item as a measure of recovery.

It is stipulated that libellant is entitled to $40 as traveling allowance for transportation to Pittsburgh for medical treatment from the date of trial, as well as $55 for a trip to the Marine Hospital at Baltimore.

Respondent claims certain credits for advancements·made to libellant for transportation expenses and meals. No explanation whatsoever was offered for any single item nor is there any indication at any time that such item was to be deducted from any claim for maintenance, or was intended in part or total satisfaction of any claim for any particular day's maintenance. Any credit claims of this nature must be refused.

It is not in dispute that respondent advanced to libellant the amount of $430 after his injury between the period from December 4, 1946 to March 26, 1949. Seventy-five dollars of this amount was reimbursement for expenses incurred in traveling to the Marine Hospital in the State of New York. The remaining $355 was advanced by respondent without any specific designation or understanding.

■ Since the obligation to pay maintenance and cure is definite where a seaman sustains injuries in the furtherance of his employment, in the absence of a specific agreement between the seaman and his employer that payments which are advanced subsequent to an accident are to be credited or set off against the amount which the employer is required to pay for maintenance and cure, it would be improper to allow such a credit. This is especially true where, as in the present instance, an action was also pending based upon negligence under the Jones Act and the doctrine of unseaworthiness.

The set-off of the respondent in the amount of $430 must be denied.

In view of the above, since the treatment given by libellant to his shoulder during the 651 days, the total of the five day off-work cycle, was not cure, no basis exists upon which a recovery could be premised for maintenance and cure, since without cure, maintenance does not exist.

The Court enters the following Findings of Fact and Conclusions of Law:

Findings of Fact.

1. Plaintiff is a citizen of the United States and a resident of Coal Center, Washington County, Pennsylvania.

2. Defendant is a Pennsylvania corporation with its principal office at Third Avenue and Ross Street in the City of Pittsburgh.

3. The defendant owned and operated the steamer "Sailor" on which the plaintiff was employed as a deckhand on October 1, 1946, when he sustained a fall resulting in the personal injuries which are the subject matter of this suit.

4. The normal work cycle of the plaintiff was ten days on and five days off; and in the ten-day work period, he worked twelve hours a day, or 120 hours.

5. The plaintiff was off work a total of 651 days from the date of his accident to the end of April, 1952, this figure consisting of the five-day off periods after the ten-day work periods throughout this entire period of time.

6. The plaintiff did not work at any other job on these five-day off periods, not because he was incapacitated by his accident, but because he was merely pursuing the normal custom of river employees.

7. The fact that the plaintiff worked as a deckhand both before and after all these five-day off periods from October, 1946 to date, negatives any physical incapacity for work during the five-day off periods.

8. Prior to his accident, the plaintiff was not in the habit of working at other employment on his five-day off periods, or, in other words, of working 365 days a year.

9. The plaintiff has received, and may continue to receive, medical care as required from the doctors of the company at the South Side Hospital, Pittsburgh, and at the United States Public Health Service, or at United States Marine Hospitals free of charge.

10. The approximately 200 trips to Lake Lynn made by the plaintiff for rowing exer-

cise at an expense in the sum of $937.33 were unjustified, and the plaintiff is not entitled to be paid this money. Said trips were not authorized or approved by the respondent.

11. The plaintiff's rate of pay was based on the fifteen day period; i. e., twelve hours a day for ten days, or 120 hours— thus constituting fifteen eight-hour days.

12. The plaintiff was off work 247 days outside of the normal work cycle for which he is entitled to maintenance and cure at the rate of $4 a day, or $988.

13. The plaintiff is entitled to the further sums of $40 covering transportation to Pittsburgh for medical treatment since the date of the trial, and to the sum of $55 for a trip to the Marine Hospital at Baltimore. These sums together with the $988 total $1,083.

14. The advancements made by respondent to libellant are not definitely established to have been intended as advancements toward maintenance and cure, and consequently may not be treated as a set-off in this proceeding.

## Conclusions of Law.

1. The Court has jurisdiction of this cause of action, over the parties and over the subject matter.

2. Libellant having been injured in the service of the vessel upon which he was employed as a seaman is entitled to recover from his employer maintenance at the stipulated rate, and transportation expense incurred by him to receive medical and therapeutic care.

3. No legal obligation exists for the defendant to provide maintenance for the plaintiff on his five-day off periods in the normal work cycle, or in this case for 651 such days claimed, where no cure was provided during the whole or part of said period of time.

4. A legal obligation exists on the defendant to provide the plaintiff with maintenance for days he did not work due to his accident, exclusive of the five-day off periods in his normal work cycle, or in this case 247 days.

5. Libellant is entitled to the following judgment against the respondent:

Maintenance and cure for the period of 247 days at the rate of $4 per day or $988, plus reimbursement for traveling expenses in the amount of $95, or a total of $1,083.

6. Libellant is not entitled to judgment against the respondent for the following items:

(a) Whole or any part of the 651 days in which libellant was away from his work on the basis of the five-day off work cycle he was required to follow since during this period no cure was received by the libellant.

(b) Reimbursement in the amount of $937.33 or any part thereof which is based on approximately 200 trips made by the libellant to Lake Lynn for the purpose of rowing exercises.

An appropriate Order is entered.